9512

SMITH *ET AL.* v. SMITH *ET AL.*

(89 S. E. 1032.)

1. EXECUTORS AND ADMINISTRATORS—CONTINUANCE OF BUSINESS—POWER OF PROBATE COURT.—Where decedent at his death left outstanding contracts to furnish supplies for farmers during that year, so that it was necessary for some one to take charge of his farming interests and carry out such contracts, the probate Court had jurisdiction, on an *ex parte* application of his widow, the administratrix, to make an order allowing her to continue the business, to employ such clerks, overseers, etc., as were necessary; and neither the heirs nor the creditors were necessary parties to such proceeding.

2. EXECUTORS AND ADMINISTRATORS—CONTINUANCE OF BUSINESS—LIABILITY FOR LOSS.—Under such circumstances, the administratrix was not chargeable with any loss incurred by the estate by reason of her

continuance of the business under the terms of such order, where it did not appear that she had done anything outside the scope of the order.

3. EXECUTORS AND ADMINISTRATORS — PROPERTY OF ESTATE — CHARGES AGAINST ADMINISTRATRIX—EVIDENCE.—In a suit by heirs against the administratrix of an estate for an accounting, where it appeared that she received an automobile which had originally cost decedent $630; that it had been used and had depreciated in value, but there was no evidence as to its real value, or any evidence that it was not the decedent's property, the decree, requiring her to account to the estate for $630, will not be reversed.

4. WITNESSES—COMPETENCY—TRANSACTIONS WITH DECEDENT—STATUTE. —Under Code Civ. Proc. 1912, sec. 438, forbidding parties interested to testify as to any transaction or conversation with a decedent, the testimony of a widow and administratrix, defending a suit by heirs for an accounting, that the decedent had used certain of her land, and as to the rental value thereof, and as to mortgages and debts collected for her, and as to money which he had borrowed from her, in view of other evidence showing that he had handled her mortgages and collected upon them, and that she had never received the amount, was competent.

5. EXECUTORS AND ADMINISTRATORS—ACCOUNTING—BURDEN OF PROOF.— In a suit by heirs against a widow and administratrix for an accounting, where it appeared that decedent received money collected upon her mortgages, it was incumbent on the plaintiffs to show that it had been paid to her.

6. EVIDENCE—ACTION FOR ACCOUNTING—BOOK OF ACCOUNTS.—A book kept by the deceased for his wife, showing that he had borrowed money from her from time to time, and the amounts received or collected from her property, and not showing any payments by him to her, was admissible.

7. HUSBAND AND WIFE—GIFT—RENT.—Where it appeared that the decedent had used his wife's land for a number of years and had failed to pay rent therefor, but that they had lived upon it, there was a presumption of a gift.

8. EXECUTORS AND ADMINISTRATORS — ACCOUNTING — CROPS — RENT.— Where it appeared that the decedent died the latter part of March, 1911, and that the estate got the benefit of the crop for that year, though the widow and administratrix owned the land, and that she received no benefit in the way of care and support after her husband died, the rent for that year was improperly disallowed her.

FOOTNOTE.—Liability of estate for debts contracted by executor in carrying on business as directed by the will, see notes in 37 A. & E. Ann. Cas. 1915c, 367. As to power of personal representative to carry on and wind up business in behalf of the estate, see notes in 40 L. R. A. (N. S.) 205.

Before MAULDIN, J., Bishopville, August, 1915.   Modified.

Suit by Napoleon B. Smith and others against Martha C. Smith and others.   Judgment for plaintiffs, and defendant, Martha C. Smith, excepts and appeals.

The exceptions were as follows:

His Honor erred, it is respectfully submitted, in the following particulars:

First. In holding, as a matter of law, that the order of the probate Court to continue the mercantile business was void; whereas, his Honor should have held that the said order was valid, or, at least, its validity could not be attacked in this proceeding.

Second. In holding that said order could only be legally granted where the heirs and creditors are made parties; whereas, his Honor should have held that this was not necessary, as the title to the personal estate was in the administratrix, and she, as such, was the legal representative of both the creditors and the heirs.

Third. The probate Court having granted said order and the administratrix having already conducted said business according to the order, it was within his Honor's power to have confirmed the actions and doings of the administratrix thereunder, and it was his Honor's duty to have done this under the facts in this case.

Fourth. In finding that the estate lost $2,877.13 by the continuation of said mercantile business; whereas, the evidence shows no such loss, but rather shows a gain by said transactions.

Fifth. In finding that the administratrix should account to the estate for $630 for one Ford automobile; whereas, there was no sufficient evidence showing that this car is the property of the estate; whereas, his Honor, if he found against the administratrix upon this point, should have

directed the car to be sold and the proceeds turned in, or else should have ordered a reference as to the present value of the car; there being no evidence as to its present value and no appraised value.

Sixth. In holding that the testimony of Mrs. Martha C. Smith was incompetent under section 438 of the Code; whereas, his Honor should have held that her testimony, with reference to the fact that Mr. Smith collected certain moneys belonging to her, and never turned the same over to her; that he occupied and planted her land and never paid her the rent for the same, and that he had never returned certain moneys borrowed from her, and other testimony of this nature, was not incompetent under said section of the Code; the same being neither a conversation nor a transaction with the deceased.

Seventh. In holding the book of Mrs. Smith, kept by Mr. Smith, to be no evidence that he received the money which Mrs. Smith claimed that he received; whereas, his Honor should have held that the evidence in this case showed that Mr. Smith had received this money; Mrs. Smith having testified that he did receive it.

Eighth. In holding that even if Mr. Smith did receive this money, the presumption is that he paid it over to her; whereas, his Honor should have held that there was no such presumption, and the testimony of Mrs. Smith that he had not paid it over was uncontradicted, and the burden of proving payment rested upon the plaintiffs.

Ninth. In holding that there was no evidence that Mr. Smith collected the amounts from Nettles, Lee, and Boyd; whereas, he should have held that the testimony of Mrs. Smith with reference to these transactions was competent and not barred by the statute.

Tenth. In holding that there was no evidence that the money claimed to have been loaned to Mr. Smith was in fact ever borrowed by him from Mrs. Smith, and in holding that it was more probable he had borrowed this money from some

bank; whereas, his Honor should have held that the evidence upon this question raised the presumption that Mrs. Smith's claim was correct, and it was the duty of the plaintiffs to show that he had borrowed it elsewhere, if such were the fact.

Eleventh. In disallowing the claim for rents, whereas, the testimony showed that Mr. Smith had occupied her land, or collected the rents for these lands, and that he had not paid Mrs. Smith for the same, and his Honor erred in ruling out Mrs. Smith's testimony with reference thereto, and also in holding that as a matter of law there was a presumption of gift..

Twelfth. In disallowing the rents for the year 1911, when the evidence showed that Mr. Smith died in the latter part of March of that year, and the estate had the benefit of the lands of Mrs. Smith from that date until the end of the year, without any compensation to Mrs. Smith therefor.

*Messrs. L. D. Jennings* and *R. D. Epps,* for appellant, cite: *As to admissibility of testimony:* 39 S. C. 476; 32 S. C. 600; 104 S. C. 157; 26 S. C. 163; 34 S. C. 246; 30 S. C. 284; 41 S. C. 125; 33 S. C. 303; 21 S. C. 597; 12 Enc. Ev. 882. *Gifts inter vivos:* 6 Enc. Ev. 6; 11 A. & E. Enc. of L. 1011 and 1014.

*Messrs. T. H. Tatum* and *L. A. Wittkowsky,* for respondents, cite: *As to presumption from possession:* 78 S. C. 23. *Equitable gift:* 2 S. C. 136; 6 S. C. 220; 24 S. C. 273; 15 Mo. 724; 60 Me. 271.

September 15, 1916.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is a suit on the part of the heirs of W. S. Smith, deceased, against the administratrix of his estate for the purpose of an accounting, settlement, and distribution of the

personal property of said estate and the sale or partition of the real estate. W. S. Smith died on March 29, 1911; his widow, Martha C. Smith, was appointed administratrix on May 6, 1911, by the probate Judge for the county of Lee, and she duly qualified as such administratrix and entered upon the discharge of her duties as such. W. S. Smith left no children, but left a widow. The other heirs at law are his brothers, sisters, nieces, and nephews. The case was referred to a special referee to take and report the testimony, and the case was heard by his Honor, Judge Mauldin, at the Summer term of the Court, 1915, for Lee county, who made and filed his decree on August 20, 1916. After judgment was entered upon, the appellants appealed, and by 12 exceptions seek reversal or modification.

Exceptions 1, 2, 3 and 4 raise the same question, and question the ruling of the Court in deciding that the administratrix should be held responsible for any loss sustained by the estate by reason of her conducting the mercantile business after the death of W. S. Smith. The record shows that the administratrix, on application by *ex parte* petition to the probate Court, obtained an order allowing her to continue the business of W. S. Smith, deceased. Neither the heirs at law nor creditors were made parties to this proceeding. His Honor held that the probate Court had no right to grant this order, as the heirs and creditors were not parties to the proceeding. Smith had died March 29, 1911. The evidence shows when Smith died that there were a large number of outstanding contracts made by him to furnish supplies for the farmers that year. Under these circumstances some one had to act and take charge of his farming interest and carry on the crop and carry out his outstanding contracts for the year, and it was within the province and jurisdiction of the probate Court to make the order it did, and neither the heirs nor creditors were necessary parties to this proceeding. It was necessary, under the circumstances of the case, for the representative and adminis-

tratrix of the deceased to continue the business for that year for the purpose of carrying out the existing contracts and winding up the same and collecting the money due, or to become due, in the fall of that year, and to manage the farming operations of the deceased for that year, and for this purpose to employ such aid as was necessary in the way of clerks, bookkeepers, and overseers to carry on the mercantile and farm operation, paying them reasonable compensation for their services and hire. His Honor was in error in holding that the order of the probate Court was void, and that the administratrix should be charged any loss incurred by the estate by reason of operating the business under the terms of said order, which he found to be $2,877.13. It was necessary for the business to be carried on, and it does not appear that the administratrix did anything that she was not empowered to do under the order of the probate Court, and that Court had jurisdiction and authority to grant the order made; and these exceptions are sustained.

The fifth exception imputes error in decreeing that the administratrix should account to the estate for $630 for one Ford automobile. The evidence fully sustains his Honor's finding that W. S. Smith paid for it, and it was the estate's property. When new, the purchase price was $630. This is the only evidence in the case as to its value. It had been in use for some time, and must have depreciated in value, yet no effort was made by the introduction of testimony to show what its real value was, and the only evidence his Honor had in fixing the price was what was paid for it when purchased. Appellant's counsel admit in argument before this Court that, in the confusion of so much evidence in the case, the appellants overlooked the fact that they intended to introduce evidence in the case controverting claim of the respondents that the automobile was the property of Smith, and its value, but neglected to do so. They had their day in Court, and we do not think his

Honor's finding should be reversed under these circumstances, and this exception is overruled.

Exceptions 6, 7, 8, 9, 10 and 11 complain of error in holding that under section 438 of the Code of Civil Procedure the evidence of Mrs. Smith was incompetent, and in ruling that certain books offered to be introduced in evidence were incompetent, and in dissallowing claims for rent, and in ruling out Mrs. Smith's evidence in reference thereto. A careful examination of the evidence ruled out as being inhibited by section 438 convinces us that his Honor was in error in so ruling. The claim is made up of four grounds of items: Money alleged to have been collected by Smith in mortgages belonging to her; several debts, being her property and collected by him; rent for six years prior to his death for her real estate, and money borrowed by him from her. Mrs. Smith did not attempt to testify as to any transaction or conversation that she had with the deceased, but as to substantive facts that Smith used certain land and the rental value of the land. The evidence from other sources showed that he handled her mortgages and collected the sums that certain parties paid him; that she never received it, she could testify to the question asked, objected to, and ruled out. It was not prohibited by section 438 of the Code of Civil Procedure. If she proved Smith collected her money, and traced these collections into his hands, that payment was an affirmative defense. If Smith got the money—and that fact is established—it is incumbent on the respondent to show that it had been paid to Mrs. Smith. The books kept by Smith show that he borrowed money from time to time and the evidence shows that Mrs. Smith kept her money in "Victor safe." Smith had access to this safe and borrowed therefrom, as his books show, and no one else had money in that safe except Mrs. Smith. No claims were presented against the estate that amounted to anything except the claim of Mrs. Smith. The books in which an account of Mrs. Smith's claims were kept were

kept by Smith himself for her, and the amounts received were entered by Smith himself. He was the bookkeeper, and had charge of her affairs, and all the entries of receipt were made by him, and the books kept by him show the receipts, but fail to show any payments by him to her, or that he turned anything over to her. There is no question but that the deceased used his wife's land for six years and failed to pay rent for this land, but they lived jointly on it, and for the reason assigned by his Honor this exception is overruled. Exceptions 6, 7, 8, 9 and 10 are sustained. Exception 11 is overruled.

Exception 12 is sustained; the estate got the benefit of the crop for that year. Mrs. Smith was the owner of the land and was not expected or required to give up her land for balance of year after her husband's death in March, 1911. She derived no benefit in the way of care and support after her husband's death, and should be allowed reasonable rent for that year.

Judgment modified.